Matter of the Estate of GRACE HOWE McCLURE, Deceased.

(Surrogate's Court, New York County, December, 1918.)

**Wills — revocation by marriage — Decedent Estate Law, § 36.**

Where a woman by will exercises a power of appointment conferred upon her by a trust deed executed by her father, the will under section 36 of the Decedent Estate Law becomes a nullity upon her marriage.

PROCEEDING upon the probate of a will.

Choate, Larocque & Mitchell (Nelson Shipman, of counsel), for proponent.

COHALAN, S.   This is an application for the limited probate of a paper purporting to be the last will of the decedent. The paper was duly executed by the decedent on January 3, 1912. She was then unmarried. Subsequently, and on June 22, 1916, she was married

Surrogate's Court, New York County, December, 1918. [Vol. 105.

to William C. McClure. She died on July 25, 1918, without issue. Her husband has filed a petition in this court in which he alleges that the will executed by her while she was unmarried was revoked by her marriage to him, except as to that part by which she exercised a power of appointment given to her under a deed of trust executed by her father, and he prays that the will be admitted to probate to that extent and for the purpose of effectuating the exercise of the power of appointment.

Under the provisions of the deed of trust executed by the decedent's father, the trustee was directed to pay that part of the principal set apart for the benefit of the decedent " to such person as may be designated as the recipient of the same in the will of such decedent, but in case such beneficiary should die without leaving a last will and testament, then the fund shall remain undiminished for the equal benefit of the surviving beneficiaries."

Section 36 of the Decedent Estate Law provides that: " A will executed by an unmarried woman, shall be deemed revoked by her subsequent marriage." This language is clear and comprehensive. A will executed by an unmarried woman becomes a nullity immediately upon her subsequent marriage. *Brown* v. *Clark*, 77 N. Y. 369. There are no express exceptions in the statute, and there is no room for exceptions by implication. If the legislature had intended to make an exception in favor of that part of the will of an unmarried woman which exercised a power of appointment conferred upon her, there is no reason why it should not have expressly provided for such an exception, as the legislatures of many of our states have done, and as the British parliament did in the English Wills Act of 1837. Our legislature has not yet seen

fit to modify the direct and comprehensive enactment contained in section 36 of the Decedent Estate Law, and until it does this court cannot attempt such modification by judicial interpretation.

It is contended that it was the intention of the legislature in enacting section 36 of the Decedent Estate Law to provide for the revocation of wills executed by unmarried women, upon their subsequent marriage, when such wills dispose of the personal property owned by them, but that it was not intended to prevent the testamentary exercise of a power of appointment given to them under a will or deed. The objection to this contention is that it assumes to read into the clear language of the statute a limitation which is not warranted by the words of the statute, and which is not authorized by any rule of statutory construction.

The deed of trust executed by the father of the decedent herein provided that her share should be paid to such persons as she designated in her will. The will executed by her while she was unmarried was revoked by operation of law immediately upon her marriage. She, therefore, died without leaving a will; and the paper offered for probate is not her will, and cannot be admitted to probate for any purpose. The petition for probate will therefore be dismissed.

COHALAN, S. After careful consideration of the supplemental memorandum submitted by the attorneys for the proponent herein I can see no reason for changing my previous decision.

Petition for probate dismissed.